IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 22-cv-00633-REB

DAN C. GRAMATIC,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

---

# ORDER

**Blackburn, J.**

The matters me are (1) **Motion to the Colorado District To Appoint Counsel** [#50],[1] filed January 25, 2023; (2) **Motion to the Colorado District To Appoint Counsel** [#51], filed January 26, 2023; and (3) **Motion to the Colorado District To Appoint Counsel** [#52], filed January 27, 2023, all filed by plaintiff *pro se*.[2] All three motions are identical. Because the most recent motion supersedes the former two, I deny those motions as moot. I deny the third motion on the merits.

Venue of this case was transferred to this district from the Eastern District of

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by attorneys. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Virginia on the Acting Commissioner's motion.  (**See Order** [#37], filed March 14, 2022.) The Acting Commissioner subsequently moved to dismiss for lack of jurisdiction, noting there was no final decision subject to review by this court because plaintiff failed to request a hearing before an ALJ within the time permitted by law.  (**Defendant's Motion To Dismiss** [#46], filed June 15, 2022.)  42 U.S.C. § 405(g).  Thus, "a 'final decision' is a statutorily specified jurisdictional prerequisite" to a right of appeal to the district court. **Weinberger v. Salfi**, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975).[3]

The apposite regulations provide that a "final decision" reviewable by a federal district court results only after the claimant has proceeded *seriatim* through each of four steps:  initial determination, reconsideration, hearing before an administrative law judge, and Appeal Council review.[4]  20 C.F.R. § 404.900(a)(5).  At each of these steps, if the claimant is dissatisfied with the Acting Commissioner's decision, he may request review. **See** 20 C.F.R. §§ 404.904, 404.909(a), 404.920, 404.933(b), 404.955.  At any step in the process, if the claimant fails to seek review within the specified time, the Acting Commissioner's decision becomes binding on all parties.  **See id.** §§ 404.905, 404.921, 404.955, 404.981.  Accordingly, absent a colorable constitutional claim, a decision issued without a hearing, although binding on the parties, is not a final decision subject to review by a federal district court.  **See Califano v. Sanders**, 430 U.S. 99, 108, 97

---

[3]  Regardless whether a court ultimately determines it is without jurisdiction, it always has jurisdiction to determine whether federal jurisdiction exists.  **Dennis Garberg & Associates, Inc. v. Pack-Tech International Corp**., 115 F.3d 767, 773 (10th Cir. 1997).

[4]  What constitutes a "final decision" is left to the Acting Commissioner to determine pursuant to regulation:  "The statutory scheme is thus one in which the [Acting Commissioner] may specify such requirements for exhaustion as [she] deems serve [her] own interests in effective and efficient administration."  **Weinberger**, 95 S.Ct. at 2467.

S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).[5]

Based on these legal standards, and because the record reflected plaintiff did not request a hearing before the ALJ of the Acting Commissioner's administrative decision as required to make that decision a "final decision" capable of appeal, the district court granted the Acting Commissioner's motion to dismiss this appeal.  (**See Order** [#47], filed August 10, 2022; **Final Judgment** [#48], filed August 11, 2022.)  Plaintiff did not appeal that decision to the Tenth Circuit within the time allowed by law.  **See FED. R. APP. P.** 4(a)(1)(B); **Chung v. Lamb**, 794 Fed. Appx. 773, 775 (10th Cir. 2019) (federal court of appeals "cannot hear an appeal if the appellant files the notice of appeal after the deadline").  **See also Bowles v. Russell**, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").[6]  Instead, he appealed to the United States Court of Appeals for the Fourth Circuit, challenging the original decision of the lower court in the Eastern District of Virginia to transfer this case to the District of Colorado.  By per

---

[5] Although plaintiff asserts the decision of the agency was "without due process," he presents neither argument nor authority to substantiate his conclusory assertion.  His *pro se* status does not absolve him of responsibility to do so  **See Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005) "[A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements  the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") (internal brackets, citations, and quotation marks omitted).

[6] The time limit under Fed. R. App. P. 4(a)(1)(B) derives from statute.  **See United States ex rel. Eisenstein v. City of New York, New York**, 556 U.S. 928, 935, 129 S.Ct. 2230, 2235, 173 L.Ed.2d 1255 (2009).  Thus the requirement to file a timely appeal in a case involving the United States as a party is jurisdictional and not merely a claims-processing rule.  **See Hamer v. Neighborhood Housing Services of Chicago**, – U.S. –,138 S.Ct. 13, 21, 199 L.Ed.2d 249 (2017) (filing deadline is not jurisdictional if "the relevant time prescription is absent from the U.S. Code").  Even if it were not, there is nothing in the record before me to suggest the Acting Commissioner waived or forfeited her right to insist on compliance with the deadline.  **See id.**, 138 S.Ct. at 22.

curiam opinion, the Fourth Circuit dismissed that appeal for lack of jurisdiction, noting that an order to transfer venue was not a final, appealable order, either. (**See Motion** at 9 (citing ***TechnoSteel, LLC v. Beers Construction Co.***, 271 F.3d 151, 160-61 (4th Cir. 2021).) It is this order which plaintiff now seeks to challenge.

Yet again, however, this court is without jurisdiction to consider plaintiff's claims. Under Article II of the Constitution, Congress defines the scope of the original jurisdiction of federal district courts. ***See United States v. Austin***, 2017 WL 2799176 at *3 (D.N.M. June 12, 2017). No provision of Part IV, Chapter 85 of Title 28 of the United States Code, which delineates the boundaries of federal district court jurisdiction, grants a district court jurisdiction to review, much less supersede, an order of a higher federal court.[7]  ***See*** 28 U.S.C. §§ 1330-1369.

Because this court is plainly without jurisdiction, I deny plaintiff's motion to the extent it requests appointment of counsel, as no purpose would be served by engaging an attorney in a case over which the court lacks jurisdiction.[8] For the same reason, I deny plaintiff's request to consider a transfer of venue case to the district court for the District of Columbia.

**THEREFORE, IT IS ORDERED** as follows:

1. That the *pro se* **Motion to the Colorado District To Appoint Counsel** [#50],

---

[7] Plaintiff requests the court verify that "his PACER Account and E-noticing" are valid in this district. (**Motion** at 2.) E-filing in this district governed by CM/ECF, not PACER. It thus seems safe to assume plaintiff has not been granted license to file electronically. Judge Krieger indulged the same presumption previously and directed the clerk to send notice to plaintiff via mail at his address of record. (***See* Order** [#42], filed March 15, 2022.)

[8] Although plaintiff entitles his motion as one seeking appointment of counsel, the substantive arguments of the motion do not request such relief.

filed January 25, 2023, is denied as moot;

      2.  That the *pro se* **Motion to the Colorado District To Appoint Counsel** [#51],

filed January 26, 2023, is denied as moot;

      3.  That *pro se* **Motion to the Colorado District To Appoint Counsel** [#52],

filed January 27, 2023, is denied; and

      4.  That the clerk shall mail a copy of this order to plaintiff at his address of

record.[9]

      Dated February 14, 2023, at Denver, Colorado.

                                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[9] Although all three motions purport to be signed by plaintiff in Mesquite, Nevada, plaintiff lists his address as the offices of the "UNHCR" in Washington, D.C., by which I take him to refer to the United Nations High Commissioner for Refugees.  The UNHCR was established in 1950 to help Europeans displaced by the war.  (***See*** UNHCR|USA, *About Us, History of UNHCR* (available at: https://www.unhcr.org/en-us/history-of-unhcr.html) (last accessed:  February 13, 2023).)  The UNHCR works to "safeguard the rights and well-being of people who have been forced to flee" their home countries and "ensure that everybody has the right to seek asylum and find safe refuge in another country."  (***See*** UNHCR|USA, *About Us, Who We Help* (available at:  https://www.unhcr.org/en-us/ who-we-help.html) (last accessed:  February 13, 2023).)  There is nothing in the record to support a conclusion that plaintiff is a refugee who would be entitled to the services provided by UNHCR, or that UNHCR provides representation to a claimant for social security benefits in any circumstance.  (***See*** UNHCR|USA, *About Us, What We Do* (available at: https://www.unhcr.org/en-us/what-we-do.html) (last accessed:  February 13, 2023).)